MURDOCK, Judge,
concurring in the result.
I agree with the main opinion’s discussion of the well-settled principles relating to the strict construction of exemptions from taxation and of the right to tax. I do not agree, however, with the indication in the main opinion, beginning in note 9 and continuing with that opinion’s discussion of Chemical Waste Management, Inc. v. State, 512 So.2d 115 (Ala.Civ.App.1987), that the pollution-control exemption from the sales tax is properly denied to HLH on the ground that HLH “was in the business of installing pipes for a profit.” 902 So.2d at 686-87 n. 9. The question whether pipe *691 is “acquired primarily for the production of goods or services and is integral to a profit-motivated business purpose or activity,” Rule 810-6-3-46(8), Ala. Admin. Code (Ala. Dep’t of Revenue), and whether the property or equipment is “primarily directed ... to pollution control or to the stated business purpose of the enterprise itself,” Chemical Waste Management, 512 So.2d at 117, is properly directed to the ultimate owner of the property or facility into which the property or equipment is installed, not the contractor who installs it.
Pollution-control devices have to be installed. Third-party installers — contractors — all are in the business of installing; they all do so for a profit, not for the altruistic motive of controlling pollution. The fact that an owner utilizes a contractor, who brings to the job a profit motive, to install a device should have no bearing on whether that device is considered a pollution-control device within the meaning of the statute under consideration. I do not read the authorities discussed in the main opinion as indicating otherwise.
Our task is to determine the legislative purpose of the statute. As much as anything, therefore, I am persuaded that the result reached in the main opinion is correct because of the following statement of purpose in the Legislature’s preamble to the Act by which it adopted the statute:
“To amend Section 33 of Act No. 100 enacted at the 1959 Second Special Session of the Legislature of Alabama, as heretofore amended, so as to exempt from the provisions of said Act, and from the computation of the amount of sales tax levied, assessed or payable thereunder, the gross proceeds from the sale of all devices, identifiable parts of devices, systems or facilities used or placed in operation in the State of Alabama, or intended for use or operation in the State of Alabama, primarily for the protection of the public and the public interest through the control, reduction or elimination of air or water pollution, and the gross proceeds from the sale of all materials used in the State of Alabama, or intended for use in the State of Alabama, primarily for the protection of the public and the public interest through the control, reduction or elimination of air or water pollution.”
Act No. 1169, Ala. Acts 1973, p.1966 (emphasis added). It is the emphasized language in this preamble that, in my view, makes the following statement near the end of the main opinion particularly apt:
“The DWV pipe located inside the buildings merely transports the sewage and wastewater from privately owned property to the municipal sewer lines that transport the sewage and wastewater to the municipal-sewage-treatment plant; the DWV pipe is not a part of the municipal-sewage-treatment system. Accordingly, the DWV pipe is not an identifiable component of a facility acquired primarily for pollution-control purposes within the meaning of § 40-23-4(a)(16), nor was it installed primarily for the control, reduction, or elimination of air and water pollutants within the meaning of the statute.”
902 So.2d at 690. The primary purpose of the piping installed by HLH was not for the protection of the public and the public interest. It was for the benefit of the homeowners and other property owners for whom HLH did its work. I therefore concur in the result.
CRAWLEY, J., concurs.